HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GARY KRANTZ, et al.,

    Plaintiffs,

v.

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,

    Defendant.

CASE NO. C12-5848 RBL

ORDER

[Dkt. #s 87, 89 and 103]

THIS MATTER is before the Court on Plaintiff's Motion to Designate Order and Judgment as Final and to Certify Order for Interlocutory Appeal [Dkt. #103]. Also pending are Plaintiffs' Motion for Costs [Dkt. #87] and Allstate's responsive Motion for Costs, based on its Offer of Judgment [Dkt. #89].

The competing cost claims were effectively resolved by this Court's Order [Dkt. #99] on Allstate's Motion for an Offset; the Amended Judgment of $10,874.86 was less than Allstate's $35,000 offer and Allstate is the prevailing party. As such, it is entitled to costs (and Plaintiffs are not). *See* Fed. R. Civ. P. 68(d); *Tippie v Delisle*, 55 Wn. App. 417 (1989). Allstate is AWARDED the **$4291.54** in costs outlined in its Motion.

Plaintiffs ask the Court to permit them to immediately appeal the court's Order granting Allstate an offset (and the resulting amended judgment), under Rule 54(b) or 28 U.S.C. §1292(b). It points out that if the Order is affirmed, at least one of its extra-contractual claims—that Allstate's evaluation of K.K's damages was unreasonable—would be moot.

But Allstate argues that there are multiple extra-contractual claims remaining, and that not all of them will necessarily be resolved by the Ninth Circuit's resolution of Plaintiff's appeal of the current judgment. Thus, they claim, the remaining claims would "languish" while a portion of the case was on appeal. It advocates resolving the remaining claims now, and having only one judgment and one appeal.

There are three potential courses—(1) permitting an immediate appeal of the "main" issue and staying the rest, or (2) permitting immediate appeal and trying the rest now, or (3) trying the remaining bad faith claims now and having only one appeal at the end. Each has advantages and pitfalls, and none is entirely efficient.

The Plaintiffs advocate option one, but that means that the remaining bad faith claims—which are not (entirely) dependent on the appeal's outcome—languish, and must be tried eventually, anyway. Allstate advocates position three, but that means that the parties and the Court must go through discovery, motions practice, and perhaps another trial, on a subset of extra-contractual claims with the looming possibility of re-trying a different bad faith claim if the Ninth Circuit reverses.

Certification of a non-appealable order under 28 U.S.C. §1292(b) is appropriate only when the following three requirements are met: (1) the order involves a controlling question of law; (2) as to which there is a substantial ground for a difference of opinion; and (3) an immediate appeal from the order could materially advance the ultimate termination of the litigation. *See*, 28 U.S. C. §1292(b); *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1025-26 (9th Cir. 1982).

The Ninth Circuit instructs that certification under §1292(b) "is to be applied sparingly and only in exceptional cases." *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959). Exceptional cases are those in which allowing interlocutory appeal would avoid protracted and expensive litigation. *In re Cement Antitrust Litigation*, 673 F.2d at 1026. The Court is not persuaded that this standard is met in this case.

But it is equally clear that the setoff/offset order and amended judgment is final as to "fewer than all of the claims," and that there is no just cause for delay of the appeal of that judgment. Fed. R. Civ. P. 54(b). Indeed, such an approach is consistent with Allstate's early position on bifurcation, which emphasized that the claims were distinct:

> (1) the UIM and bad faith claims are separate and distinct, (2) the discovery of Allstate's UIM claim file and other privileged materials before the UIM claim has been resolved will result in undue prejudice to Allstate, and (3) bifurcation and a stay of discovery will promote judicial economy, save the parties' resources, and result in no prejudice to plaintiffs.

[Dkt. #10 at 3]

It is thus clear[1] that Plaintiffs are entitled to appeal the amended judgment (and the order that led to it) under Rule 54(b).

The remaining issue is whether the Court should stay the remaining bad faith claims, or try those while the other is on appeal. Although they are separate, it seems more than likely that, regardless of the outcome of the second phase, if the Ninth Circuit reverses, there will be additional proceedings on *a* bad faith claim. It seems to be the least inefficient course to preserve the bad faith and claims (and bad faith damages issues) until the parties and the Court know whether those claims and damages include the bad faith claim that has already necessarily been resolved—the claim that Allstate unreasonably under-valued K.K.'s UIM claim.

---

[1] It might even be up to them, rather than the court, based on the bifurcation.

For that reason, the Court will certify that there is no just cause for delay of the entry of the Court's Order [Dkt. #99] and the amended judgment [Dkt. #101]. The Court will **STAY** litigation of the Plaintiff's remaining extra-contractual claims pending the Ninth Circuit's resolution of that appeal.

The Clerk shall enter an order statistically terminating the matter, and the parties shall notify the Court of the resolution of the appeal and, on a proper motion, the court will re-open the case for resolution of any remaining claims.

IT IS SO ORDERED.

Dated this 23rd day of July, 2014.

*Ronald B. Leighton*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE